UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ISABEL SOTO RODRIGUEZ,                      :

                  Plaintiff,     :     15 Civ. 627 (JMF)(HBP)

   -against-                        :     REPORT AND
                              RECOMMENDATION
COMMISSIONER OF SOCIAL SECURITY,   :

                 Defendant.     :

----------------------------------X


      PITMAN, United States Magistrate Judge:


      TO THE HONORABLE JESSE M. FURMAN, United States

District Judge,


I.   Introduction


      By notice of motion dated June 18, 2015 (Docket Item

13), defendant moves to dismiss or, in the alternative, for

summary judgment dismissing, plaintiff's complaint on the ground

that it is untimely.  For the reasons set forth below, I respect-

fully recommend that defendant's motion for summary judgment be

granted and that the complaint be dismissed as untimely.


II.   Facts


      Plaintiff commenced this action seeking judicial review

of a final decision of the Commissioner of Social Security (the

"Commissioner") denying her application for supplemental security income ("SSI"); the action was brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act").

Plaintiff submitted her application for SSI on July 25, 2011 (Exhibit 1 to the Declaration of Roxie R. Nicoll, dated March 18, 2015 (Docket Item 15) ("Nicoll Decl.") at 12[1]).  The claim was initially denied on October 19, 2011 (Nicoll Decl. Ex. 1 at 12).  Plaintiff requested a hearing, and an Administrative Law Judge ("ALJ") conducted a video hearing on March 27, 2013 (Nicoll Decl. Ex. 1 at 12).  Although plaintiff was informed of her right to representation, plaintiff proceeded pro se at the hearing and testified (Nicoll Decl. Ex. 1 at 12).  In a written decision dated April 17, 2013, the ALJ concluded that plaintiff suffered from "asthma, depression, obesity and poly-substance abuse in remission" and that these conditions constituted "severe impairments" (Nicoll Decl. Ex. 1 at 14).  The ALJ found that the

---

[1]Ms. Nicoll identifies herself as the "Chief of Court Case Preparation and Review, Branch 4 of the Office of Appellate Operations, Office of Disability and Review at the Social Security Administration [("SSA")]" (Nicoll Decl. at 1).  She states that her declaration is based on her review of the official file maintained by the Office of Disability Adjudication and Review relating to plaintiff's claim (Nicoll Decl. ¶ 3(a)).

Because the exhibits attached to the Nicoll Declaration are inconsistently paginated, my citations to page numbers refer to the page numbers assigned by the Court's ECF system that appear on the upper right corner of each page.

medical evidence demonstrated that plaintiff's claimed conditions of diabetes and hypertension were "non-severe" conditions (Nicoll Decl. Ex. 1 at 14-15).  The ALJ concluded that plaintiff had the

> residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  the claimant is limited to only occasional climbing of ramps, stairs, ladders, ropes, or scaffolds.  Further, the claimant must avoid all exposure to respiratory irritants such as fumes, odors, dusts, gases, and poorly ventilated areas.  The claimant is further limited to performing only simple and repetitive tasks.  Finally, the claimant is allowed to be off task less than 5% of the workday due to moderately impaired attention and concentration

(Nicoll Decl. Ex. 1 at 17).  Based on plaintiff's residual functional capacity, age, education, work experience and the testimony of a vocational expert, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff could perform (Nicoll Decl. Ex. 1 at 22-23).

Plaintiff timely requested review of the ALJ's decision, and on November 13, 2014, the Appeals Council denied plaintiff's request for review and mailed a copy of that decision to plaintiff (Nicoll Decl. ¶ 3(a) & Ex. 2 thereto).  The Appeals Council's notice advised plaintiff that she had the right to seek judicial review of the adverse decision by filing a complaint in federal court.  The notice went on to state:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period[.]

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request[.]

(Nicoll Decl. Ex. 2 at 3).  Plaintiff's deadline to file a civil action challenging the Appeal's Council's decision was January 20, 2015.[2]

Plaintiff filed her complaint in this Court on January 28, 2015 (Docket Item 2).[3]  There is no evidence in the record

_____

[2]The 65th day after November 13, 2014 was Saturday, January 17, 2015.  The courthouse is closed on weekends and was closed on Monday, January 19, 2015, in observance of Dr. Martin Luther King, Jr.'s birthday.  Because it would have been impossible for plaintiff to file her complaint on those days, plaintiff had until January 20, 2015 to commence this action within the limitations period.  Fed.R.Civ.P. 6(a)(1)(C).

[3]Plaintiff's complaint and application to proceed in forma pauperis were signed by plaintiff but are not dated; they were received by the Court's Pro Se office on January 28, 2015 (Docket Items 1-2).

When a pro se litigant submits material to the Court's Pro Se Clerk for filing, it is the practice of the Pro Se Clerk to scan and file the envelope along with the submission in order to capture the date on which the material was mailed.  My staff has

(continued...)

4

that plaintiff ever sought an extension of time to file her
action seeking review of the Appeals Council's decision (see
Nicoll Decl. ¶ 3(b)).

On May 18, 2015, I set a briefing schedule in which I
directed defendant to answer or move with respect to the com-
plaint by June 18, 2015 and directed plaintiff to respond by July
20, 2015 (Docket Item 12).  Although defendant timely filed the
present motion, there was no response of any kind from plaintiff.
Accordingly, on September 30, 2015, I issued an Order mea sponte
giving plaintiff until October 30, 2015 to submit any opposition
she might have (Docket Item 19).[4]  My staff mailed a copy of this

---

[3](...continued)
checked with the Office of the Pro Se Clerk, and the staff of
that office reports that they do not have an envelope or other
wrapper associated with plaintiff's complaint and application to
proceed in forma pauperis.  The staff of the Pro Se Office
further reports that the absence of an envelope ordinarily means
that the material was hand delivered to the Pro Se Office.

[4]My September 30 Order provided:

> By notice of motion dated June 18, 2015 (Docket
> Item 13), the Commissioner of Social Security has
> submitted a motion to dismiss.  If the motion is
> granted, it will result in the dismissal of plaintiff's
> claims with prejudice and will terminate the case.  To
> date, plaintiff has not served or filed any opposition
> to the motion, nor has she requested an extension of
> time within which to serve opposition papers.

> Although I shall consider the merits of the Com-
> missioner's motion and shall not grant the motion on
> default, plaintiff's failure to submit any opposition
> (continued...)

5

Order to plaintiff; it has not been returned as undeliverable.

Plaintiff has not submitted any opposition to the Commissioner's

motion nor has she contacted my chambers in any way.

III.  <u>Analysis</u>

> Section 205(g) of the Act provides, in pertinent part:

> Any individual, after any final decision of the Commis-
> sioner of Social Security . . . may obtain a review of
> such decision by a civil action commenced within sixty
> days after the mailing to him of notice of such deci-
> sion or within such further time as the Commissioner of
> Social Security may allow. . . .

42 U.S.C. § 405(g).  The Commissioner's regulations provide the

identical time limit for seeking judicial review:

> Time for instituting civil action.  Any civil action
> described in paragraph (a) of this section must be
> instituted within 60 days after the Appeals Council's
> notice of denial of request for review of the adminis-
> trative law judge's decision or notice of the decision
> by the Appeals Council is received by the individual,
> institution, or agency, except that this time may be

---

[4](...continued)
> to the motion for judgment on the pleadings makes it
> substantially more likely that the motion will be
> granted.  Thus, plaintiff's failure to oppose the
> motion increases the likelihood that her complaint will
> be dismissed, and that the Social Security Administra-
> tion's decision denying her benefits will be affirmed.

> Accordingly, if plaintiff wishes to submit any
> opposition to the Commissioner's pending motion, she is
> directed to submit such papers no later than October
> 30, 2015.  In the absence of a request for an extension
> of time, I shall consider the motion fully submitted as
> of that date and ready for decision.

> extended by the Appeals Council upon a showing of good
> cause.  For purposes of this section, the date of
> receipt of notice of denial of request for review of
> the presiding officer's decision or notice of the
> decision by the Appeals Council shall be presumed to be
> 5 days after the date of such notice, unless there is a
> reasonable showing to the contrary.

20 C.F.R. § 422.210(c).  The procedure set forth in Section 205

of the Act is the exclusive vehicle for seeking review of an

adverse decision by the Commissioner of Social Security.  42

U.S.C. § 405(h) ("No findings of fact or decision of the Commis-

sioner of Social Security shall be reviewed by any person,

tribunal, or governmental agency except as herein provided.");

Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam).

Plaintiff's complaint here is clearly untimely, and

dismissal is warranted unless some exception to the general rule

is applicable.  See Liranzo v. Comm'r of Soc. Sec., 411 F. App'x

390, 391-92 (2d Cir. 2011) (summary order) (affirming dismissal

of action brought under Section 205 of the Act as untimely);

Louis v. Comm'r of Soc. Sec., 349 F. App'x 576, 578 (2d Cir.

2009) (summary order) (same); Velez v. Apfel, 229 F.3d 1136

(Table), 2000 WL 1506193 at *1-*2 (Text) (2d Cir. 2000) (summary

order) (same); Blaize v. Comm'r of Soc. Sec., 166 F.3d 1199

(Table), 1998 WL 777050 at *1 (Text) (2d Cir. 1998) (summary

order) (same); see also Bowen v. City of New York, 476 U.S. 467,

479 (1986) (agreeing that "60-day limit is a statute of limita-

7

tions" and "is a condition on the waiver of sovereign immunity" that "must be strictly construed").

If plaintiff were able to rebut the presumption that she received notice of the Appeals Council's decision within five days of its mailing, her action might be timely.  A conclusory statement of non-receipt, however, does not rebut the presumption.

> "[A] plaintiff must do more than merely assert that [s]he did not receive the notice within five days"; rather, [s]he must make a reasonable showing by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." Liranzo v. Astrue, 07 CV 5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 3, 2010) (quoting Guinyard v. Apfel, 99 CV 4242, 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000)[), aff'd, 411 F. App'x 390, 391-92 (2d Cir. 2011)]; see also Velez v. Apfel, 229 F.3d 1136 (2d Cir. 2000) (presumption not rebutted where plaintiff made no "reasonable showing to the contrary" beyond her conclusory allegation that she never received the notice).

Kesoglides v. Comm'r of Soc. Sec., No. 13-CV-4724 (PKC), 2015 WL 1439862 at *3 (E.D.N.Y. Mar. 27, 2015).

Plaintiff here offers no explanation for her untimely submission or failure to seek an extension of time to file an appeal from the Commissioner's decision.  Instead, in plaintiff's complaint, she acknowledges that the final decision of the Commissioner is dated November 13, 2014, and does not state when she received this decision (Docket Item 2 at 3).  Therefore,

plaintiff has not rebutted the presumption that she received the
Appeals Council's decision within five days of its mailing.

I have also considered whether an equitable toll might
enable plaintiff to avoid dismissal.  A physical or mental
illness may give rise to an equitable toll.  See Canales v.
Sullivan, 936 F.2d 755, 758-59 (2d Cir. 1991); Social Security
Ruling ("SSR") 91-5p, 56 FR 29971-01, 1991 WL 295453 (July 1,
1991).  Social Security Ruling 91-5p states that

> [w]hen a claimant presents evidence that mental inca-
> pacity prevented him or her from timely requesting . .
> . review by a Federal district court, and the claimant
> had no one legally responsible for prosecuting the
> claim . . . at the time of the prior administrative
> action, SSA will determine whether or not good cause
> exists for extending the time to request review.

SSR 91-5p, supra, 1991 WL 295453 at *2; Canales v. Sullivan,
supra, 936 F.2d at 759 ("Where a claimant avers incapacity due to
mental impairment during the 60-day period, the district court
should permit the claimant to present evidence in support of this
claim."); Kesoglides v. Comm'r of Soc. Sec., supra, 2015 WL
1439862 at *4 ("To toll the statute of limitations based on
mental impairment, a petitioner must make more than a 'conclusory
and vague claim,' that includes 'a particularized description of
how [her] condition adversely affected [her] capacity to function
generally or in relationship to the pursuit of [her] rights[.]'")
(citation omitted).

9

As an initial matter, plaintiff has not sought to toll the 60-day limit because she has failed to "presen[t] evidence that mental incapacity prevented . . . her from timely requesting . . . review by a Federal district court."  SSR 91-5p, supra, 1991 WL 295453 at *2.  Although I extended plaintiff's time to respond to the Commissioner's motion, she failed to submit any evidence or offer any arguments to demonstrate that tolling is warranted here.  Plaintiff's failure to raise any issue with the evidence proffered by the Commissioner warrants dismissal of her complaint.  See, e.g., Pressley v. Astrue, 12 Civ. 8461 (NSR)(PED), 2013 WL 3974094 at *3 (S.D.N.Y. Aug. 2, 2013) (Román, D.J.) (granting unopposed motion to dismiss untimely pro se appeal of denial of benefits where plaintiff had not "pursued his rights diligently" or "shown extraordinary circumstances that entitle him to equitable tolling"); Johnson v. Commr. of Social Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (Marrero, D.J.) (where pro se plaintiff did not submit materials in opposition to motion to dismiss appeal of denial of benefits, plaintiff's claims were deemed as abandoned); Jordan v. Astrue, 07 Civ. 277 (JGK), 2007 WL 3085442 at *1 (S.D.N.Y. Oct. 9, 2007) (Koeltl, D.J.) (granting unopposed motion to dismiss untimely pro se appeal of denial of benefits where plaintiff "offered no reason why the time limitation should be extended in this case").

10

In addition, notwithstanding plaintiff's default, there is nothing in the record that could support an equitable toll. I have considered whether plaintiff's depression and poly-substance abuse might be the basis for an equitable toll. Although these conditions can be severe and can, in some cases, make it impossible for a person to function normally, plaintiff does not make this claim and the ALJ's findings suggest that neither of these conditions created substantial obstacles for plaintiff. For example, the ALJ found that plaintiff was able to perform daily grooming, could prepare meals for herself, could perform household chores such as cleaning and doing the laundry and that she gets along well with family, friends and neighbors. Plaintiff is able to pay bills, she reads and writes every day and is able to follow written and spoken directions (Nicoll Decl. Ex. 1 at 16). In addition, plaintiff was able to comply timely with all deadlines in this case prior to commencing the present action and she was able to draft and file the complaint in this action (albeit eight days late). This array of abilities implies that plaintiff's depression and substance abuse are not so severe that they could support an equitable toll.

There can be no question that SSI benefits are very important sources of income to many members of our society, and, that dismissal of an appeal seeking these benefits on the ground

that it is time-barred may appear harsh.  However, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 826 (1980); <u>accord</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984) (<u>per</u> <u>curiam</u>) ("Procedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants.").

## IV.   <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that summary judgment be granted dismissing plaintiff's complaint on the ground that it is time-barred.

## V.   <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Jesse M. Furman, United States District Judge, 40 Centre Street,

Room 2202, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Furman.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:   New York, New York
         April 4, 2016

                          Respectfully submitted,


                          HENRY PITMAN
                          United States Magistrate Judge



Copies transmitted to:

Ms. Isabel Soto Rodriguez
912 Courtland Avenue
Apt. 3H
Bronx, New York 10451


13

Leslie A. Ramirez-Fisher, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York   10007